STEPHEN A. BROWNELL & others *vs.* LEMUEL LeB. HOLMES.

Bristol.　　October 31, 1895. — January 4, 1896.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Petition to compel Statement by Treasurer of Political Committee — Statute — Repeal by Implication.*

The provisions of St. 1893, c. 417, § 239, authorizing a petition in equity by any candidate voted for, or by any five persons qualified to vote at an election, to compel the treasurer of a political committee to file the statement required by § 233, are repealed by implication by St. 1894, c. 248; and such a petition, brought under the earlier statute after the later statute has taken effect, cannot be maintained.

PETITION IN EQUITY, filed January 16, 1895, by six citizens of New Bedford, to compel the defendant, as treasurer of a political committee, to file a statement in conformity with the provisions of St. 1893, c. 417, and to produce certain books and records. The defendant demurred to the petition, assigning

various grounds of demurrer. Hearing before *Lathrop*, J., who sustained the demurrer, and dismissed the petition; and the petitioners appealed to the full court. The facts appear in the opinion.

*E. Avery*, (*T. F. Desmond* & *R. F. Raymond* with him,) for the petitioners.

*T. M. Stetson*, for the respondent.

Field, C. J. The history of the statutes under which the present petition was brought is as follows. St. 1892, c. 416, entitled " An Act to prevent corrupt practices in elections. and to provide for publicity of election expenses," took effect on August 1, 1892. It was repealed by St. 1893, c. 417, § 345, but its provisions were substantially re-enacted in this statute, §§ 226–246, 344. This statute was approved on June 5, 1893, and it was amended by St. 1894, c. 248, which was approved on April 14, 1894, and took effect upon its passage. St. 1894, c. 248, was repealed by St. 1895, c. 242, which was approved on April 6, 1895, and took effect upon its passage.

The present petition in equity was filed in this court on January 16, 1895. It was brought by six persons, who are alleged to be citizens of the city of New Bedford, and to have been severally qualified to vote at the annual municipal election held in that city on December 4, 1894, against Lemuel LeB. Holmes, who is alleged to have been the treasurer of a political committee of the Citizens' Party at that election. The petition charges that the statement filed by the respondent as such treasurer did not conform to the provisions of St. 1893, c. 417 ; that it was not sufficient in detail, did not state the truth, and was intended to conceal corrupt practices, and to prevent the publicity of the election expenses of said party at said election. The prayer of the petition is, in effect, that the respondent may be compelled to file a statement in conformity with the provisions of St. 1893, c. 417, and may also be compelled to produce all books and records of the receipts and expenditures of said party at said election. See St. 1893, c. 417, §§ 231, 233, 238, 239. It is manifest that the petition was intended to be brought under § 239 of the St. of 1893, although it was brought after the St. of 1894 took effect, and it relates to an election held after that statute took effect.

The first question in the case is whether, after St. 1894, c. 248, took effect, a petition in equity for the purpose above set forth could be brought by five persons qualified to vote at the election. The contention of the respondent is that the special provisions of the St. of 1893, c. 417, § 239, which authorized such a petition to be brought by "any candidate voted for," or by "any five persons," etc., were repealed by implication by the St. of 1894, c. 248. The contention of the petitioners is that the provisions of St. 1894, c. 248, were in addition to those of the St. of 1893, and were intended to be cumulative.

The fact that St. 1894, c. 248, was repealed by St. 1895, c. 242, does not affect the decision of this case, because such repeal did not revive the former provisions of the St. of 1893, c. 417, so far as they were repealed by the St. of 1894. See Pub. Sts. c. 3, § 3, cl. 1. The St. of 1895 is in effect an amendment of the St. of 1894, by substituting the "Secretary of the Commonwealth" for the "Controller of the accounts of county officers," but otherwise making no substantial change. Although this amendment was effected by repealing the old statute and passing the new one, yet, if the St. of 1894 did not by implication repeal the authority given to five persons qualified to vote at an election to bring such a petition as the present, the St. of 1895 could not be held to have that effect.

The manifest purpose of the St. of 1893, c. 417, was to punish by fine or imprisonment any treasurer of a political committee which received or disbursed money in connection with any election, who did not within thirty days after such election file a statement in accordance with the requirements of § 233 ; and also to compel such a treasurer to file such a statement. The treasurer was to be compelled to file such a statement by means of a petition in equity, brought by "any candidate voted for," or by "any five persons qualified to vote at the election." To protect persons from criminal prosecution who were called to testify in such proceedings in equity, § 240 was inserted in the act, but this in terms did not include the respondent in the petition if he was not called to testify. If the respondent was called upon to answer the petition and made answer, or if in default of an answer the petition was taken as confessed against him, it was the intention of the statute that a decree should be

entered against him, requiring him to make a statement in accordance with the statute. If, as in the present case, the respondent had filed a statement and was compelled to file another, on the ground that the first statement was not in conformity with the requirements of St. 1893, c. 417, § 233, there is no provision in the statute that this second statement shall not be used as evidence against him in a criminal prosecution under § 344.

The General Court of 1894 probably had some doubt whether the provisions we have cited did not violate Article XII. of the Declaration of Rights, in that if they were to be enforced they might be used to compel the respondent in the petition in equity "to accuse or furnish evidence against himself" of a crime or offence. Accordingly, the St. of 1894, c. 248, § 4, authorized the proper district attorney to institute either civil proceedings under § 239 of the St. of 1893, or criminal proceedings under § 344, in his discretion ; and the proceedings in either case were to be in the name of the Commonwealth. The district attorney was not authorized to institute both civil and criminal proceedings. The St. of 1894 provided for a public prosecution by a public officer, and the intention was that a person should not be subjected to both a civil and criminal prosecution. It is inconsistent with the scheme established by the St. of 1894, and with the discretion which it was meant the district attorney should exercise, that civil proceedings after that statute took effect might still be instituted and prosecuted by any candidate voted for or by any five persons qualified to vote at an election, whether the district attorney approved of it or not, and that the same person might also be prosecuted criminally.

The St. of 1893, c. 417, § 233, required the statement to be filed within thirty days after the election, and the petition, under § 239, was not to be brought "later than sixty days after such election against any one who has filed his account within the thirty days required," etc. The St. of 1894 required the controller of county accounts to inspect all statements within sixty days after the same were filed, and upon discovering that a statement did not conform to the provisions of the act of 1893, or upon the complaint of five registered voters that the statement filed did not conform to law or to the truth, or that a statement had not been filed as required by the act of 1893, he was

to notify in writing the person required to file the statement of his non-compliance, specifying the particulars thereof. The complaint was to be filed with the controller within sixty days after the election, and it must state the grounds of objection, and must be sworn to by at least one of the subscribers. If the person so notified failed to file a statement or an amended statement within ten days after receiving such notice, the controller was to notify the proper district attorney, who was authorized to proceed civilly or criminally in the manner hereinbefore stated, and he was to proceed within two months after the end of the ten days. In municipal elections the city or town clerks were to perform the acts otherwise required to be performed by the controller of county accounts. This is an essentially different scheme from that provided in the St. of 1893, and the statement of the difference is sufficient to show that the General Court could not have intended that both schemes should be in force. The rights of the defendant under the later statute to notice, and an opportunity to correct his statement or to file a statement, are substantially different from those under the earlier statute. We are of opinion that the provisions of the earlier statute authorizing a petition in equity by any candidate voted for, or by five persons entitled to vote at an election, were repealed by implication. The later statute must be followed after it took effect, and the provisions for prosecution, either by civil proceedings or by criminal proceedings by the proper district attorney, were the only provisions in force with respect to procedure at the time the present petition was filed.

This view of the effect of the statutes renders it unnecessary to consider other objections made by the respondent.

Because the petition was brought under provisions of statute which had been repealed before it was filed, it must be dismissed.

*So ordered.*